[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 14, 2005
THOMAS K. KAHN
CLERK

No. 04-15276

D. C. Docket No. 04-00053-CR-3-RV-001

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MANUEL MONSIVAIS-ORTIZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Florida

**(November 14, 2005)**

Before TJOFLAT and KRAVITCH, Circuit Judges, and JORDAN*, District
Judge.

_____

*Honorable Adalberto Jordan, United States District Judge for the Southern District of Florida,
sitting by designation.

PER CURIAM:

Appellant appeals the sentence he received—imprisonment for sixty-four months—after pleading guilty to illegal entry into the United States after deportation.  At sentencing, appellant, citing Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), objected to being sentenced under the Sentencing Guidelines on the ground that the Guidelines were unconstitutional.  The district court overruled his objection, concluding (properly so at the time) that Blakely's holding did not apply to the federal sentencing scheme, and imposed a sentence within the Guidelines range.  In United States v. Booker, 543 U.S. ____, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), however, the Supreme Court made its Blakely holding applicable to sentencing under the Guidelines; hence, we review appellant's sentence under Booker's holdings.

In treating the Guidelines as mandatory rather than advisory (as Booker requires), the district court, in sentencing appellant, committed statutory error. The question we must decide is whether the error is harmless.

A statutory Booker error is harmless if, "viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], 'or had but very slight effect.'  If one can say 'with fair assurance . . . that the [sentence] was not substantially swayed by the error,' the [sentence] is due to be affirmed even

2

though there was error." <u>United States v. Mathenia</u>, 409 F.3d 1289, 1292 (11th Cir. 2005).

After examining the sentencing record in this case, we cannot say that the error was harmless. The district court gave no indication of the sentence it would have imposed had it treated the Guidelines as advisory, nor did it indicate the weight it would have given the sentencing objectives of 18 U.S.C. § 3553(a)(2)(A),(B),(C), and (D) in fashioning appellant's sentence. We therefore **vacate** appellant's sentence and **remand** the case for further proceedings.

**SO ORDERED.**